UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AERONET WORLDWIDE, INC.,

                            Plaintiff,                    6:22-cv-01081 (BKS/TWD)

v.

AB&M INTERSTATE SERVICES, INC., MOBI
EXPRESS, INC., and DOES 1–10

                            Defendants.
_____

**Appearances:**

*For Plaintiff:*
William E. Lakis, Jr.
Lakis Law Offices, PC
145 North Franklin Turnpike, Suite 122
Ramsey, NJ 07446

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Aeronet Worldwide, Inc. brought this action against Defendants A B & M Interstate Services, Inc., AB&M Interstate Services, Inc., AB&M Logistics, LLC, Mobi Express, Inc., and Does 1 through 10, alleging violations of 49 U.S.C. § 14706, *et seq*. (the "Carmack Amendment" to the Interstate Commerce Act), and related state laws. (Dkt. No. 1).[1] Defendant Mobi Express has not answered the Complaint or otherwise appeared in this action. Presently before the Court is Plaintiff's Motion for Default Judgment against Defendant Mobi Express

---

[1] The claims against A B & M Interstate Services, Inc. and AB&M Logistics, LLC were dismissed by stipulation of the parties on March 9, 2023. (Dkt. No. 24).

under Rule 55(b) of the Federal Rules of Civil Procedure. (Dkt. No. 29). For the reasons that follow, Plaintiff's Motion is denied.

## II.  FACTS[2]

Plaintiff is a Texas corporation doing business in the state of New York. (Dkt. No. 1, ¶ 2). Defendant Mobi Express is a Pennsylvania corporation also doing business in the state of New York. (*Id.* ¶ 6). Plaintiff alleges that Defendants, including Defendant Mobi Express, "were at all times material herein the agents, servants, employers, and/or employees of each of the other Defendants, and each of them, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action." (*Id.* ¶ 9).

In 2020, "Plaintiff's related entities" arranged for Defendants to "transport two pallets comprised of 66 boxes containing 1,320 units of automobile part assembly kits (the "Cargo") from Auburn, New York[,] to . . . Laredo, Texas[,]" under "Aeronet waybill no. 111102405." (*Id.* ¶¶ 10–11, 15). "The Cargo was duly tendered in its entirety to [] Defendants in good order and condition," but was "never delivered and was lost." (*Id.* ¶¶ 10, 16). Plaintiff alleges that "[i]n agreeing to transport the Cargo for consideration and receiving said Cargo for that purpose, [] Defendants were acting as motor truck carriers and were the carriers within the meaning of 29 U.S.C. § 14706, *et seq.*" (*Id.* ¶ 17).

"The commercial invoice value of the Cargo lost was [] $70,189.00," (*id.* ¶ 10), and Plaintiff has "already suffered principal damages in excess of [] [$]39,492.02" addressing "[a] disputed claim" brought against Plaintiff by certain entities with an interest in the Cargo, (*id.* ¶ 11). Therefore, Plaintiff alleges, "[a]s a direct and proximate result of [] Defendants' breach of

---

[2] The facts are taken from the Complaint. (Dkt. No. 1). Because Defendant Mobi Express has failed to respond to the Complaint, the well-pleaded allegations therein are deemed admitted and assumed to be true for purposes of this Motion. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

their statutory obligations under the Carmack Amendment, Plaintiff has suffered or will suffer principal damages in the sum of not less than [] [$]109,681.02." (*Id.* ¶¶ 11, 18).

### III.   DISCUSSION

#### A.   Procedural Requirements

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded."). Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of a default judgment." *Priestley*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

Here, Plaintiff has complied with the procedural requirements for obtaining a default judgment against Defendant Mobi Express. On March 7, 2023, Plaintiff requested a clerk's entry of default under Rule 55(a), and, as required by Local Rule 55.1, Plaintiff submitted an affidavit affirming that Defendant Mobi Express (1) is not an infant, in the military, or an incompetent person; (2) was properly served; and (3) has defaulted in this action. (Dkt. No. 19, at 1–2).

3

Plaintiff properly served Defendant Mobi Express in accordance with Federal Rule of Civil Procedure 4(h)(1)(B) by serving the Complaint on an authorized agent for Defendant Mobi Express. (Dkt. No. 5). On March 7, 2023, Plaintiff received a clerk's entry of default against Defendant Mobi Express. (Dkt. No. 20). And, on April 7, 2023, Plaintiff moved for a default judgment against Defendant Mobi Express under Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55.2(b). (Dkt. No. 29). Therefore, as the procedural requirements for entry of a default judgment are met, the Court will address liability.

### B. Liability

By failing to appear in this action or respond to Plaintiff's Complaint, Defendant Mobi Express is deemed to have admitted the factual allegations in the Complaint with respect to liability (as distinct from damages). *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability"). "The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) (citation omitted). Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Indeed, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Id.* (citation omitted).

Here, although Plaintiff pleads claims under both the Carmack Amendment and state law, the Carmack Amendment "preempts all state law on the issue of interstate carrier liability."

*Aviva Trucking Special Lines v. Ashe*, 400 F. Supp. 3d 76, 79 (S.D.N.Y. 2019)). Consequently, only the Carmack Amendment claim can be maintained.

The Carmack Amendment governs the liability of common carriers for loss or damage to goods transported in interstate commerce and creates uniform national rules that preempt all state and common law claims against carriers. *See Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73–74, n. 6 (2d Cir. 2001); 49 U.S.C. § 14706(d). It "relieve[s] cargo owners 'of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods.'" *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 98 (quoting *Reider v. Thompson*, 339 U.S. 113, 119). The statute imposes broad liability on common carriers for all losses relating to goods they transport in interstate commerce. *See Windows, Inc. v. Jordan Panel Sys. Corp.*, 177 F.3d 114, 117–18 (2d Cir. 1999); *Union Pacific R.R. v. Greentree Transp. Trucking*, 293 F.3d 120, 127 (3d Cir. 2002). "Indeed, Carmack effectively codified the strict liability rule that governed the liability of common carriers at common law." *Sompo Japan Mut. Auto. Ins. Co. v. Union Pac. R.R. Co.*, 456 F.3d 54, 59 (2d Cir. 2006), *abrogated on other grounds by Kawasaki*, 561 U.S. 89 (2010).

Under the Carmack Amendment, a plaintiff establishes a prima facie case by showing "delivery [to the carrier] in good condition, arrival in damaged condition, and the amount of damages." *Mo. Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964). For example, in *Federal Insurance Co. v. CLE Transportation, Inc.*, the plaintiff sufficiently pleaded the elements of a claim under the Carmack Amendment by alleging that a "shipment of confections, drinks, and candy [was] initially delivered to [the defendant] in 'good order and condition[,]' . . . that [the defendant] failed entirely to deliver the bequeathed bonbons to California[,] [and that] [p]ursuant to its obligations under [an] insurance contract, [the plaintiff] [had] paid at least

5

$96,850.35 for the losses suffered." *See* No. 18-cv-11119, 2020 WL 1503455, at *2, 2020 U.S. Dist. LEXIS 55422, at *5 (S.D.N.Y. Mar. 30, 2020).

Here, Plaintiff alleges that on or about October 17, 2020, "Defendants" received the Cargo, shipped under "Aeronet waybill no. 111102405," in "good order and condition." (Dkt. No. 1, ¶¶ 10, 16). Plaintiff further alleges that "Defendants" failed entirely to deliver the Cargo to Laredo, Texas, where it was estimated to arrive on or about October 20, 2020. (*Id.*). And, finally, Plaintiff alleges that "[t]he commercial invoice value of the Cargo lost was [] $70,189.00," (*id.* ¶ 10), and that Plaintiff has "already suffered principal damages in excess of [] [$]39,492.02" addressing "[a] disputed claim" brought against Plaintiff by certain entities with an interest in the Cargo, (*id.* ¶ 11).

While these facts resemble those in *Federal Insurance Co.*, however, they lack specificity as to the relationships between Plaintiff and each Defendant, and Defendant Mobi Express and Defendant AB&M Interstate Services, and as to each Defendant's role in the events giving rise to this action. In *Federal Insurance Co.*, the plaintiff insurance company alleged that the shipper entered into a contract with a particular carrier and that that carrier received the goods to be transported. *See* 2020 WL 1503455, at *1, 2020 U.S. Dist. LEXIS 55422, at *1. By contrast, here Plaintiff has not alleged any particularized facts regarding Defendant Mobi Express' role in the events giving rise to this action. It is unclear whether Plaintiff entered into a contract with Defendant Mobi Express and whether Defendant Mobi Express received the Cargo from Plaintiff. Moreover, Plaintiff has failed to plausibly allege a relationship between Defendants, instead referring to "Defendants" as a group and relying on a series of conclusory allegations. (*See, e.g.,* Dkt. No. 1, ¶ 10 ("Defendants undertook to transport [the Cargo] from Auburn, New York[,] to . . . Laredo, Texas"); ¶ 9 (Defendants "were at all times material herein the agents,

6

servants, employers, and/or employees of each of the other Defendants, and each of them, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action"); ¶ 17 ("In agreeing to transport the Cargo for consideration and receiving said Cargo for that purpose, [] Defendants were acting as motor truck carriers and were the carriers within the meaning of 29 U.S.C. § 14706, *et seq.*")).

"'[N]othing in Rule 8 prohibits collectively referring to multiple defendants where the claim alerts [the] defendants that identical claims are asserted against each defendant,' so long as the allegations 'provide[] enough information to put [each defendant] on notice of its alleged role'" in the misconduct at issue. *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 150 (N.D.N.Y. 2020) (quoting *Tardibuono-Quigley v. HSBC Mortg. Corp. (USA)*, No. 15-cv-6940, 2017 WL 1216925, at *8, 2017 U.S. Dist. LEXIS 47982, at *22–23 (S.D.N.Y. March 30, 2017) (citations omitted)). As this Court has observed, the question is whether the allegations, even if they "refer to 'Defendants' collectively without distinguishing each Defendant's particular role," "simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" with "fair notice" defined as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Id.* (quoting *Richards v. Johnson & Johnson*, Inc., No. 17-cv-00178, 2018 WL 2976002, at *2, 2018 U.S. Dist. LEXIS 97899, at *4–5 (N.D.N.Y. June 12, 2018) (citations omitted)).

Nevertheless, as discussed above, Plaintiff has not alleged any particularized facts regarding Defendant Mobi Express' role in the events giving rise to this action. Nor has Plaintiff supplied documentary evidence in support of the same.[3] Therefore, it is not clear, based on the

---

[3] The Second Circuit has observed that a motion for default judgment may be granted based on "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiffs" with their motion.

7

Complaint, that Plaintiff has stated a claim against Defendant Mobi Express under the Carmack Amendment.

In any event, the Court declines to enter a default judgment against Defendant Mobi Express because Defendant AB&M Interstate Services' continued participation in this litigation precludes Plaintiff's request for a default judgment as to Defendant Mobi Express. *See Grazette v. Rockefeller*, No. 20-cv-965, 2022 WL 252631, at *2, 2022 U.S. Dist. LEXIS 16077, at *5 (S.D.N.Y. Jan. 26, 2022).

"[D]efault judgment cannot be issued where the relief requested would prejudice actively litigating defendants." *Knowles-Carter v. Feyonce, Inc.*, No. 16-cv-2532, 2017 WL 11567528, at *5, 2017 U.S. Dist. LEXIS 233031, at *15 (S.D.N.Y. Sept. 23, 2017) (collecting cases). "The key inquiry is whether the default judgment could result in inconsistent outcomes for similarly situated defendants." *El Omari v. Buchanan*, No. 20-cv-2601, 2021 WL 465431, at *3, 2021 U.S. Dist. LEXIS 24776, at *6-7 (S.D.N.Y. Feb. 9, 2021). In some cases where non-defaulting and defaulting defendants "share a 'closely related,' if not identical, defense," for instance, courts have denied a default judgment motion on the grounds that granting a default judgment against the non-defaulting defendant "would, in effect, decide the case before . . . the non-

---

*Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Contr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015); *see also, e.g., Cabrera v. 1560 Chirp Corp.*, No. 15-cv-8194, 2017 WL 1289349, at *11, 2017 U.S. Dist. LEXIS 33380, at *28–29 (S.D.N.Y. March 6, 2017) (applying *Bricklayers* and its progeny and relying on affidavit outside the complaint to find that Plaintiff met elements of a FLSA claim on a motion for default judgment), *report & recommendation adopted*, 2017 WL 1314123, 2017 U.S. Dist. LEXIS 53368 (S.D.N.Y. Apr. 6, 2017); *Zurita v. Bergen Pizza Inc.*, No. 12-cv-3874, 2016 U.S. Dist. LEXIS 28170, at *8–10 (March 1, 2016) (same), *report & recommendation adopted*, 2016 WL 1089262, 2016 U.S. Dist. LEXIS 35938 (E.D.N.Y. March 21, 2016). This approach is also consistent with Federal Rule of Civil Procedure 55(b)(2), which establishes that "[t]o the extent that the plaintiff's allegations are inadequate, 'a district court has discretion . . . to require proof of necessary facts' to satisfy itself that there is 'a valid cause of action.'" *Cent. Produce Corp. v. 32-18 M&M Corp.*, No. 17-cv-3841, 2018 WL 4327923, at *2, 2018 U.S. Dist. LEXIS 114731, at *5 (E.D.N.Y. July 9, 2018) (quoting *Au Bon Pain*, 653 F.2d at 65), *report & recommendation adopted*, 2018 WL 4326925, 2018 U.S. Dist. LEXIS 154092 (E.D.N.Y. Sept. 10, 2018); *see also* Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . establish the truth of any allegation by evidence").

defaulting . . . Defendant had an opportunity to be heard.'" *Known Litig. Holdings, LLC v. Navigators Ins. Co.*, No. 12-cv-269, 2015 WL 13636078, at *2-3, 2015 U.S. Dist. LEXIS 193205, at *7-8 (D. Conn. Feb. 11, 2015) (discussing case law).

Here, Defendant AB&M Interstate Services is a named Defendant and continues to actively deny its liability, including in its Answer to the Complaint and Crossclaim against Defendant Mobi Express. (Dkt. No. 18). Moreover, both Defendants share certain common, virtually identical defenses, including that Plaintiff never delivered the Cargo to Defendants and that the Cargo did arrive in Laredo, Texas, in good order and condition. Of course, granting a default judgment as to liability against Defendant Mobi Express now would not prejudice Defendant AB&M Interstate Services' ability to raise these defenses in its litigation with Plaintiff, since default judgments have no collateral estoppel effect against non-defaulting defendants in the same litigation. *See Rivera v. Limassol Grocery, Corp.*, No. 16-cv-6301, 2019 WL 1320339, at *6, 2019 U.S. Dist. LEXIS 2821, at *19-21 (E.D.N.Y. Jan. 4, 2019) (discussing this principle and citing case law); *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 155-56 (E.D.N.Y. 2018) (same), *report & recommendation adopted*, 354 F.Supp.3d 149 (E.D.N.Y. 2019) (same). However, doing so *would* raise the prospect of inconsistent outcomes, since it is possible that, after granting a default judgment against Defendant Mobi Express based in part on its admission (through its default) that Plaintiff *did* deliver the Cargo to Defendants and that the Cargo did *not* arrive in Laredo, Texas, Defendant AB&M Interstate Services could later escape liability by proving that Plaintiff did *not* deliver the Cargo to Defendants, or that the Cargo *did* arrive in Laredo, Texas.

Furthermore, the Court perceives no meaningful prejudice to Plaintiff by reserving a formal judgment as to Defendant Mobi Express' liability for a later stage of the case. Even if the

9

Court were to grant Plaintiff's request for a default judgment as to *liability* now, it would reserve a decision on *damages* for a later stage of the case, when a liability determination has been made as to the non-defaulting Defendant and a total damages award may be assessed against all Defendants together. *Hunter*, 505 F. Supp. 3d at 161. "Without a damages calculation to accompany the liability determination, no final judgment could be entered in [Plaintiff's] favor, and there could be no enforceable judgment that [they] could attempt to collect." *Lemache*, 354 F. Supp. 3d at 155. Moreover, because a default judgment against Defendant Mobi Express would have no collateral estoppel effect against the non-defaulting Defendant, granting such a default judgment now "does not assist [Plaintiff] in litigating the case against" Defendant AB&M Interstate Services. *Id.* For the foregoing reasons, the Court declines to enter a default judgment against Defendant Mobi Express at this time.

IV.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. No. 29) is **DENIED without prejudice**, with leave to refile after resolution of the claims against the actively litigating Defendant.

**IT IS SO ORDERED.**

Dated: October 10, 2023
          Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge